*E-Filed 6/7/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

XIAO-YU ZHANG,

        Plaintiff,

   v.

MA LABS, INC.,

        Defendant.

_____/

Case No. C04-01595 HRL

ORDER DENYING PLAINTIFF'S MOTION TO VACATE SUMMARY JUDGMENT UNDER FED. R. CIV. P. 60

## I. BACKGROUND

Plaintiff, a Chinese citizen, filed this action against his former California employer, alleging wage discrimination on the basis of alienage, in violation of 42 U.S.C. § 1981. On May 15, 2005, this court ordered summary judgment for defendant. In ruling on the motion for summary judgment, this court applied the test from *Coward v. ADT Security Systems*, which requires that plaintiff in a § 1981 action demonstrate that he is a member of a protected class, and that "[he was] performing work substantially equal to that of [citizens] who were compensated at [a] higher rate than [he was]." 140 F.3d 271, 273 (D.C. Cir. 1998). This court found that plaintiff failed to present sufficient evidence to raise an issue of material fact as to whether he was performing substantially equal work to any citizen-employee of defendant who was paid more. Subsequently, the court entered judgment for the defendant. Plaintiff now moves to vacate the order and the summary judgment pursuant to Fed. R. Civ. P. 60(b)(1).

Plaintiff's motion raises two main issues: (1) whether FRCP 60 is the appropriate vehicle for the relief he seeks, and (2) whether this court correctly concluded as a matter of law that he had not made a prima facie showing of wage discrimination under §1981.

**II.    DISCUSSION**

    **A.    Fed. R. Civ. P. 60(b)(1)**

Plaintiff moves to vacate the summary judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Basically, plaintiff's counsel says he was the victim of "surprise."  The surprise occurred when defendant filed its reply brief to the summary judgment motion, a brief - says plaintiff - which for the first time urged a different (and, supposedly, incorrect) test for showing a prima facie case of wage discrimination under § 1981.[1]

Plaintiff's counsel then alleges that his surprise continued, unabated, up until the time of the hearing on the motion ten days later, when he failed to mention anything about the reply brief finagling the test definition. (He also failed, despite the court's urging, to clearly articulate what the "real" test was.)  Then, goes plaintiff's argument, the court made a "mistake" by adopting the defendant's version of the prima facie test and, as a consequence, wrongly granted the motion.

Surely, just to state the plaintiff's argument reveals its infirmity.  It is a contrived argument, one intended to shoehorn a challenge to the court's ruling on the summary judgment into Rule 60, where the challenge does not belong.  This court has found no case where actions and inactions such as those described here can legitimately be labeled as a version of "surprise" that properly supports Rule 60 relief.  A motion to vacate under Rule 60(b) "should not be treated as a substitute for appeal." *Gould v. Mutual Life Insurance of New York*, 790 F.2d 769, 771 (9th Cir. 1986).  If plaintiff believes that the court applied the incorrect legal standard, the proper forum for relief is in the Court of Appeals.[2]

---

[1] In its moving papers, defendant said the plaintiff had to show he was doing the "same type" of work as the US citizens he was using as comparatives.  In its reply, which appropriately focused on attacking plaintiff's argument that a prima facie case was made merely because plaintiff and his comparatives were all "software engineers," it used the phrase "same work."

[2] In any event, this court does not accept the premise of plaintiffs's "surprise" argument: that defendant changed the test in its reply brief.  This court viewed it as slightly different language that meant the same thing.  Plaintiff's construct here is semantic speculation.

2

**B.     The "Substantially Equal" Prima Facie Test for Plaintiff's § 1981 Claim.**

The argument that this court committed legal error in finding that plaintiff failed to make a prima facie showing does not require extended discussion in the context of the present motion. Plaintiff asserts that the correct legal standard for a prima facie showing for a wage discrimination case under § 1981 is whether or not the plaintiff's work was "comparable" to that of citizen-employees who were better compensated. He claims that this test was announced in *Gunther v. County of Washington*, 623 F.2d 1303, 1308-09 (9th Cir. 1980), *aff'd* in *Washington County v. Gunther*, 452 U.S. 161 (1981). Though *Gunther* was a Title VII case, plaintiff says that this so-called lower standard is made applicable to § 1981 cases in *Gay v. Waiters' and Dairy Lunchmen's Union*, 694 F.2d 531 (9th Cir. 1982).

Plaintiff's arguments are unconvincing. To begin with, plaintiff cites numerous cases arguing for a relaxed "Title VII" standard, yet he explicitly abandoned his Title VII claims, both in his motion papers, and in open court. *See* Pltf's Opposition to Mot. for Summary Judgment at 1 n.1; Ex. C to Decl. of C. Wahng in Support of Def's Mot. to Compel Discovery at 102:16-25. Having waived these claims, he cannot now bring them in through the back door.

Moreover, to support his argument, plaintiff picks and chooses language from different cases, language taken out of context and without regard to whether the actual holdings support his position. The result is an intellectual muddle. Plaintiff says that the "substantially equal" standard applied by this court is only applicable to cases arising under the Equal Pay Act, 29 U.S.C § 206(d) ("EPA"), yet the *Coward* case relied on by this court was not an EPA case, but a case under § 1981. *Coward*, 140 F.3d at 273. Additionally, plaintiff ignores these explicit words from *Gunther,* the case he so heavily relies on: "[B]ecause a comparable work standard cannot be substituted for an equal work standard, evidence of comparable work, although not necessarily irrelevant in proving discrimination under some alternative theory, will not alone be sufficient to establish a prima facie case. *Gunther*, 623 F.2d at 1321. The *Gunther* court also held, contrary to plaintiff's claims, that the "substantially equal" analysis will usually provide the most practical way to establishing a prima facie case of wage discrimination. *Id.* Nothing cited by plaintiff requires otherwise, or leads this court to conclude that it should, after

3

1  giving full value to his evidence and putting aside speculation, have concluded that plaintiff did make a
2  prima facie showing of wage discrimination under § 1981.
3      Plaintiffs motion to vacate the summary judgment is DENIED.
4  **IT IS SO ORDERED.**
5  Dated: 6/7/05                                            /s/ Howard R. Lloyd
6                                                  HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Chao Jen Wahng    rwahng@legal-opinion.com,

Adam Q. Wang    waqw@sbcglobal.net

\* Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

Dated: 6/7/05

                                      /s/ RNR
Chambers of Magistrate Judge Howard R. Lloyd